IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFF AIDNIK,

        Plaintiff,                    No. CIV S-07-1273 MCE EFB P

   vs.

O'CONNER, et al.,

        Defendants.               <u>FINDINGS AND RECOMMENDATIONS</u>

                             /

      Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. The action is proceeding on plaintiff's April 17, 2008 amended complaint, wherein plaintiff alleges that defendants knowingly exposed him to asbestos and lead when he assisted in a demolition project at the California Medical Facility (CMF).[1]

      Currently pending before the court are three requests filed by plaintiff. *See* Docket Nos. 17, 23, and 26. In sum, plaintiff requests that the court stop alleged harassment at CMF, ensure his safety, rehouse him in a specified dormitory, and prevent his transfer from CMF, or in the

---

[1] Plaintiff filed two lawsuits on the same date, August 31, 2007, intending to pursue separate lawsuits against separate defendants. Due to clerical error, both complaints were assigned the same case number. By order filed October 30, 2008, the court corrected the clerical error and ordered that a new action be opened, and that this action was to proceed against defendants O'Conner, Veal and Russel only.

1

alternative, to place him into federal custody. The court hereby construes these request as motions for preliminary injunctions, and so construed, finds that each must be denied for the reasons explained below.

A preliminary injunction will not issue unless necessary because threatened injury would impair the court's ability to grant effective relief in a pending action. *Sierra On-Line, Inc. v. Phoenix Software, Inc.*, 739 F.2d 1415, 1422 (9th Cir. 1984); *Gon v. First State Ins. Co.*, 871 F.2d 863 (9th Cir. 1989). A preliminary injunction represents the exercise of a very far reaching power never to be indulged except in a case clearly warranting it. *Dymo Indus. v. Tapeprinter, Inc.*, 326 F.2d 141, 143 (9th Cir. 1964). To prevail upon an application for a prohibitory preliminary injunction, plaintiff must demonstrate either probable success on the merits and the possibility of irreparable injury, or serious questions regarding the merits of his claims and a balance of hardships tipping sharply in his favor. *Miss Universe, Inc. v. Flesher*, 605 F.2d 1130, 1134 (9th Cir. 1979). If the balance of harm tips decidedly toward the plaintiff, then the plaintiff need not show as robust a likelihood of success on the merits as when the balance tips less decidedly. *Benda v. Grand Lodge of the International Association of Machinists*, 584 F.2d 308, 315 (9th Cir. 1978). The threatened injury must be immediate. *Los Angeles Memorial Coliseum Comm'n v. National Football League*, 634 F.2d 1197, 1201 (9th Cir. 1980). And since the remedy is equitable in nature, there must be no adequate remedy at law. *Stanley v. University of S. Cal.*, 13 F.3d 1313, 1320 (9th Cir. 1994). If the relief sought is mandatory rather than prohibitory, the balance must more clearly favor the applicant. *Dahl v. HEM Pharm. Corp.*, 7 F.3d 1399, 1403 (9th Cir. 1993).

In plaintiff's February 11, 2008 letter, he explains that he requires respiratory therapy because of his exposure to hazardous materials. He further explains that officials at CMF informed him that he would be transferred to another institution within two weeks, and he fears that he will not receive adequate medical care at another institution. Plaintiff therefore requests a court order directing that he remain at CMF, or in the alternative, that he be transferred to a

federal prison.  When an inmate seeks injunctive or declaratory relief concerning the prison where he is incarcerated, his claims for such relief become moot when he is no longer subjected to those conditions.  *See, e.g., Dilley v. Gunn*, 64 F.3d 1365, 1368 (9th Cir. 1995); *Johnson v. Moore*, 948 F.2d 517, 519 (9th Cir. 1991).  In this instance, plaintiff's request for an order to remain at CMF stems from an alleged threat of being transferred in February of 2008.  Plaintiff was not transferred from CMF, and there is no indication that there currently exists a reasonable threat of being transferred.  Thus, plaintiff's request is moot.  As to plaintiff's request for placement in federal custody, that request must also be denied, as the court is not authorized to order that he be housed in a particular facility.  Prisoners have no constitutional right to incarceration in a particular institution.  *See Olim v. Wakinekona*, 461 U.S. 238, 244-48 (1983); *Meachum v. Fano*, 427 U.S. 215, 224 (1976).

In plaintiff's November 16, 2007 letter, he requests an order that he be housed in the R-1 dormitory, away from Correctional Officer Grouch, and that all "harassment" stop.  As an initial matter, plaintiff has not shown a likelihood of success on the merits, as this action is proceeding against defendants O'Conner, Veal and Russel on plaintiff's claim that they knowingly exposed him to asbestos and lead.  His allegations in the motion simply do not assist him in demonstrating either probable success on the merits or at least serious questions as to the claims in this case.  The issuance of the order sought by plaintiff in this request would not remedy the claim alleged in this action.  Assuming that he has at least raised serious questions going to the merits, he has not demonstrated that the balance of relative hardships sharply tips in favor of granting preliminary injunctive relief.  Indeed, weighing the relative hardships, the court finds that plaintiff has not shown a threat of irreparable harm.  Although plaintiff states that he would feel more comfortable in the R-1 dormitory, he makes no showing of an immediate threatened injury.  Furthermore, plaintiff fails to explain what "harassment" he wants stopped.  With respect to this generalized allegation of harassment, it is not the purpose of a preliminary injunction to prevent such speculative behavior.  *See City of Los Angeles v. Lyons*, 461 U.S. 95 (1983).

In plaintiff's March 27, 2008 letter, he states that correctional staff are retaliating against him for filing lawsuits by withholding his legal materials, resulting in plaintiff's inability to file an amended complaint in this action. The court observes, however, that on April 17, 2008, plaintiff succeeded in filing an amended complaint in this action. Plaintiff also insists that his life is in danger because he has been the victim of battery and is not housed in the appropriate "custody level." Plaintiff asks the court to ensure his safety while in the custody of the California Department of Corrections and Rehabilitation, or alternatively, to place him in federal custody. Plaintiff's request for placement in federal custody should be denied for the reasons stated above. Plaintiff is also not specific as to how his life is in danger, making it impossible for the court to provide him with injunctive relief. Further, to the extent plaintiff fears another assault, he fails to allege any facts that would lead the court to conclude that future attacks resulting from constitutional violations are imminent. Again, the court finds that plaintiff has not shown sufficient facts to establish that he actually faces irreparable harm.

For the foregoing reasons, it is hereby RECOMMENDED that plaintiff's November 16, 2007, February 11, 2008, and March 27, 2008 letters, construed as motions for preliminary injunctions, be denied.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

Dated: January 27, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE