IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

JEFF AIDNIK,

    Plaintiff,                      No. CIV S-07-1273 MCE EFB P

    vs.

O'CONNER, et al.,                 FINDINGS AND RECOMMENDATIONS

    Defendants.

_____/

    Plaintiff is a state prisoner proceeding without counsel in an action brought under 42 U.S.C. § 1983. This action proceeds on the April 17, 2008 amended complaint in which plaintiff alleges that defendant Russell violated his Eighth Amendment rights. The matter is now before the court on defendant's January 15, 2009 motion to dismiss on the ground that plaintiff failed to exhaust available administrative remedies.

**I.    Alleged Facts**

    Plaintiff alleges that on March 29, 2006, he was told to assist in the demolition of the institutional photo lab at the California Medical Facility ("CMF"). Compl. at 6-7.[1] This work

---

[1] The complaint and its attachments are not consecutively numbered. Rather, the first page of the complaint is numbered page 3. Accordingly, all page references to the complaint herein will be to the pages in the order in which each page actually appears in the complaint. Thus, the cover page of the complaint is treated herein as page 1, and each subsequent

1

continued for over a week. *Id.* at 6. He was not informed that he would be working with asbestos and lead. *Id.* A week after the work began, he was told to stop working. *Id.* at 7. As a result of handling asbestos, lead, and other hazardous materials, plaintiff suffered respiratory distress and began respiratory treatments along with medications. *Id.* Plaintiff alleges that these actions violated his rights under the Eighth Amendment. *Id.* at 8.

## II. Legal Standards

Pursuant to the Prison Litigation Reform Act of 1995 ("PLRA"), "[n]o action shall be brought with respect to prison conditions under [42 U.S.C. § 1983], or any other Federal law, by a prisoner confined in any jail, prison, or other correctional facility until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). This requirement is mandatory and unequivocal. *Booth v. Churner*, 532 U.S. 731, 741 (2001); *McKinney v. Carey*, 311 F.3d 1198, 1200 (9th Cir. 2002) ("Congress could have written a statute making exhaustion a precondition to judgment, but it did not. The actual statute makes exhaustion a precondition to *suit*." (citation omitted)). A prisoner seeking leave to proceed *in forma pauperis* in an action challenging the conditions of his confinement brings an action for purposes of 42 U.S.C. § 1997e when he submits his complaint to the court. *Vaden v. Summerhill*, 449 F.3d 1047, 1050 (9th Cir. 2006). Therefore, a prisoner must exhaust available administrative remedies before filing any papers in federal court and is not entitled to a stay of judicial proceedings in order to exhaust. *Id.* at 1051; *McKinney*, 311 F.3d 1198.

The United States Supreme Court stated in *Jones v. Bock*, 549 U.S. 199, 215-16 (2007), that failure to exhaust under the PLRA is an affirmative defense and that if the affirmative defense can be decided on the complaint alone, a motion under Rule 12(b)(6) is appropriate.

////

////

---

misnumbered page will be referred to in its sequential order.

2

The Court explained:

> A complaint is subject to dismissal for failure to state a claim if the allegations, taken as true, show the plaintiff is not entitled to relief. If the allegations, for example, show that relief is barred by the applicable statute of limitations, the complaint is subject to dismissal for failure to state a claim; that does not make the statute of limitations any less an affirmative defense, see Fed. Rule Civ. Proc. 8(c). Whether a particular ground for opposing a claim may be the basis for dismissal for failure to state a claim depends on whether the allegations in the complaint suffice to establish that ground, not on the nature of the ground in the abstract.

*Id*. at 215. Here, as discussed below, the question of exhaustion can be resolved from the content of the complaint itself. Accordingly, the matter is properly addressed under Rule 12(b)(6).

California prisoners may appeal "any departmental decision, action, condition, or policy which they can demonstrate as having an adverse effect upon their welfare." Cal. Code Regs. tit. 15, § 3084.1(a). The regulations require the use of specific forms but contain no guidelines for grievance content. *Id*. at §§ 3084.2, 3085. Prisoners ordinarily must present their allegations on one informal and three formal levels of review, although the informal and the first formal levels may be bypassed. *Id*. at § 3084.5. A division head reviews appeals on the first formal level, *see id.* at § 3084.5(b)(3) (authorizing bypass of the first formal level when the division head cannot resolve it), and the warden or a designee thereof reviews appeals on the second formal level. *See id*. at § 3084.5(e)(1). Generally, completion of the third level, the Director's Level of Review, exhausts the remedy. *Id*. at § 3084.1(a).

**III.    Analysis**

Defendant contends that plaintiff did not exhaust his administrative remedies, and therefore, his claim should be dismissed as unexhausted. Plaintiff concedes that he did not complete or even commence the grievance process. Compl. at 2. Such a "concession to nonexhaustion is a valid ground for dismissal, so long as no exception to exhaustion applies." *Wyatt v. Terhune*, 315 F.3d 1108, 1120 (9th Cir. 2003); *see also Cohea v. Jones*, 2008 WL 114956, at *5 (E.D. Cal. Jan. 11, 2008).

On plaintiff's complaint form Question II.B. asks "Have you filed a grievance concerning the facts relating to this complaint?" Plaintiff has checked the "No" box and states that "there [are] no Administrative remedies for this 8th Amendment violation." Compl. at 2. Plaintiff's assertion that administrative remedies are not available for an Eighth Amendment violation is incorrect, as exhaustion of administrative remedies is mandated "regardless of the relief offered through administrative procedures." *Booth*, 532 U.S. at 741. Furthermore, in his opposition brief, plaintiff does not assert that he properly exhausted his administrative remedies or that an appropriate exception to exhaustion exists. Instead, plaintiff argues that "the [S]tate accepted liability on August 16, 2006 as can be seen from a State compensation insurance fund form," which plaintiff attaches to his brief. Pl.'s Opp'n to Def.'s Mot. to Dism. at 2, 4, 5. Whether the State accepted liability on a worker's compensation claim by plaintiff, however, has no bearing on whether plaintiff satisfied the exhaustion requirement.

Since plaintiff concedes he has not properly exhausted his administrative remedies, dismissal is appropriate.[2] *See Wyatt*, 315 F.3d at 1120. Accordingly, this action should be dismissed without prejudice due to plaintiff's failure to exhaust administrative remedies prior to filing suit.[3]

**V.      Conclusion**

In accordance with the above, it is hereby RECOMMENDED that:

1. Defendant's January 15, 2009 motion to dismiss be granted;

---

[2] Attached to defendant's motion to dismiss is the sworn declaration of David Lewis, the custodian of records concerning inmate appeals at CMF. Lewis states that he has reviewed the inmate appeal file for plaintiff, which shows that plaintiff "has not submitted any inmate appeals that concern exposure to hazardous materials on or about March 29, 2006, or in the weeks following this date." Def.'s Mot. to Dism., Decl. of Lewis in Supp. Thereof ¶ 3. While dismissal would also be appropriate based on this unrefuted evidence under Rule 56 standards, the court need not consider the declaration in light of plaintiff's concession of the issue in his complaint.

[3] Dismissal without prejudice may permit plaintiff to file a new action upon exhaustion of the prison grievance process.

2. All outstanding motions be denied;

3. This case be dismissed without prejudice; and,

4. The Clerk be directed to close the case.[4]

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations." Failure to file objections within the specified time may waive the right to appeal the District Court's order. *Turner v. Duncan*, 158 F.3d 449, 455 (9th Cir. 1998); *Martinez v. Ylst*, 951 F.2d 1153 (9th Cir. 1991).

DATED: April 15, 2009.

EDMUND F. BRENNAN
UNITED STATES MAGISTRATE JUDGE

---

[4] The court recognizes that plaintiff has been attempting to locate the address for service of process for the sole remaining defendant in this action, but to date has been unsuccessful. Since plaintiff concedes nonexhaustion, however, dismissal of this entire action is appropriate. *Wyatt*, 315 F.3d at 1120.